IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**REALTIMEZONE, INC.**,

    Plaintiff,

  vs.                                  **CIVIL NO. 1:09-cv-630 MCA/DJS**

**HALLIBURTON ENERGY SERVICES, INC.**,

    Defendant.

## **ORDER**

**THIS MATTER** comes before the Court on *Plaintiff Realtimezone, Inc.'s Opposed Motion to Amend the Amended Scheduling Order [Doc. 41]* [Doc. 59], filed January 26, 2010. Having considered the parties' briefs and the arguments of counsel at a hearing on February 11, 2010, the Court denies the motion for the reasons stated below.

This is a patent infringement case. Plaintiff Realtimezone, Inc. ("RTZ") alleges that Defendant Halliburton Energy Services, Inc. ("Halliburton") breached a license agreement for a patented process for fracturing oil and gas wells. RTZ also contends that Halliburton infringed the patent, to which RTZ has exclusive rights, by using the process in the United States and abroad while failing to pay royalties. Halliburton denies that it breached the license agreement or that it infringed the patent. Halliburton brings counterclaims for declaratory judgment, seeking declarations that it did not infringe the patent and that the patent is invalid.

The Court entered a Scheduling Order [Doc. 26] on September 21, 2009, setting

deadlines for discovery and *Markman*[1] briefing.  Under the original Scheduling Order, discovery was to conclude on November 30, 2009, and *Markman* briefing would have been completed by February 22, 2010.  The original Scheduling Order stated that a *Markman* hearing would be set at the Court's discretion; it also contemplated an additional scheduling conference and proceedings after resolution of the *Markman* briefs. [Doc. 26 at 2.]

On November 16, 2009, the parties moved jointly for entry of an amended scheduling order. [Doc. 39.] In their joint motion, the parties stated that they "wish[ed] to schedule joint disclosure of certain contentions related to claim construction, to orderly inform the parties of their positions before [*Markman*] briefing." [Id. at 1.] The Court entered the parties' proposed Amended Scheduling Order on November 18, 2009. [Doc. 41.] The Amended Scheduling Order added deadlines for the parties to exchange discovery related to claim construction, and to submit a Joint Claim Construction Statement to the Court.  It  also extended *Markman* briefing by over two months (to be complete by April 30, 2010), and claim construction discovery by over four months (to March 15, 2010).  The Amended Scheduling Order further contemplated that additional deadlines would be set at a later date.

RTZ now moves to modify the Amended Scheduling Order in two ways: (1) to add new deadlines and (2) to extend the existing deadlines by two to three months. RTZ proposes these amendments for the purpose of requiring the parties to exchange infringement and invalidity contentions prior to *Markman* briefing.  Halliburton opposes the amendments.

A scheduling order may be modified only for good cause.  Fed.R.Civ.P. 16(b)(4);

---

[1] Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995).

D.N.M.LR-Civ. 16.1.  Demonstrating good cause under Rule 16 "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate reason for any delay." Strope v. Collins, 315 Fed.Appx. 57, 61 (10th Cir. 2009) (quoting Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994) (quotation marks omitted)).  A showing of good cause requires the party seeking relief to show that the deadline cannot reasonably be met despite its diligence.  Pfeiffer v. Eagle Mfg. Co., 137 F.R.D. 352, 355 (D. Kan. 1991).

RTZ argues that good cause exists here because exchanging infringement and invalidity contentions "prior to exchange of claims constructions will streamline the claims construction process, saving scarce judicial resources and imposing less burden on the parties." [Doc. 59 at 2.]  RTZ points to other jurisdictions, the Eastern District of Texas for example, where parties in patent litigation are required by local rule to make early disclosure of infringement and invalidity contentions.

The District of New Mexico has no such patent-specific rules.  More importantly, RTZ concurred in the entry of two scheduling orders in this case, and engaged in considerable discovery, without ever asserting that infringement and invalidity contentions should be subject to early disclosure.  To the contrary, until recently, RTZ apparently concurred with Halliburton that claim construction should proceed first, ahead of infringement and invalidity issues.

RTZ now asserts, after recently engaging counsel who specializes in patent litigation, that the Amended Scheduling Order should be modified so as to require disclosure of

infringement and invalidity contentions prior to *Markman* briefing. Counsel for RTZ forthrightly acknowledged at the hearing that the motion is untimely, coming as it did after the deadline for the parties to exchange their proposed Preliminary Claim Constructions, and less than a week before the Joint Claim Construction Statement was due to be filed. RTZ offers no adequate reason for the delay other than its determination—disputed by Halliburton—that obtaining certain disclosures earlier rather than later might facilitate *Markman* briefing. Absent any other grounds, the Court concludes that RTZ has failed to demonstrate good cause to modify the Amended Scheduling Order.

**IT IS THEREFORE ORDERED** that *Plaintiff Realtimezone, Inc.'s Opposed Motion to Amend the Amended Scheduling Order [Doc. 41]* [Doc. 59], filed January 26, 2010, is **DENIED.**

_____
**DON J. SVET**
**United States Magistrate Judge**