# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**REALTIMEZONE, INC.,**

    **Plaintiff,**

vs.                                                                         No.  09cv0630 MCA/DJS

**HALLIBURTON ENERGY**
**SERVICES, INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Halliburton Energy Services, Inc.'s Motion to Compel Plaintiff Realtimezone, Inc. to Supplement Interrogatory Nos. 8 and 9 **[Doc. No. 79]** filed on February 25, 2010, and fully briefed on April 1, 2010.  Having reviewed the motion, the parties' pleadings, and the applicable law, the Court finds that the motion is not well taken and will be **DENIED**.

This action is based on a patent claiming a "process for hydraulic fracturing of subterranean reservoir formations in real time.[1]"  Compl. ¶5.  On September 22, 2009, Halliburton served Realtimezone interrogatories seeking specific information about Realtimezone's infringement and breach of contract theories.  Halliburton contends Realtimezone's responses to Interrogatories Nos. 8 and 9 are deficient.

---

[1] The Court set forth the factual background of this matter in its February 25, 2010 Memorandum Opinion and Order.  *See* Doc. No. 78.

>Interrogatory No. 8 states:
>
>For each claim of each Patent-in-Suit that you contend has been or is currently being infringed by any product, component, process, or method of Halliburton, provide a detailed description, including a claim chart that specifically identifies where each limitation of each asserted claim is found in each accused product, component, process, or method and identify for any limitation that you contend is governed by 35 U.S.C. § 112(6) the structure(s), act(s), or material(s) in the accused product, component, process, or method that performs the claimed function.

*See* Doc. No. 65; Ex. B.

>Interrogatory No. 9 states:
>
>For each product, component, process, or method of Halliburton that you contend meets the definition of "Licensed Operation" in the License Agreement, provide a detailed description, including a chart, that specifically identifies how each accused product, component, process, or method meets the definition of "Licensed Operation," and, if necessary, identify for any claim limitation that you contend is governed by 35 U.S.C. §112(6) the structure(s), act(s), or material(s) in the accused product, component, process, or method that performs the claimed function.

*Id.*

According to Halliburton, it has performed thousands of "frac jobs" for various customers over the years. Mot. Compel; Ex. C (Halliburton's estimate for frac jobs performed between January 2001 and November 2009 (140,000)). Halliburton contends Realtimezone's patent-in-suit relates to a very specific type of frac job and not all frac jobs will infringe the claims of Patent No. 6,439,310 BI, Real-Time Reservoir Fracturing Process (hereinafter "the '310 Patent"). Halliburton further contends that the claims of the '310 Patent are quite detailed and include many specific claim elements that must be met before finding infringement. Halliburton does not believe that Realtimezone's technology is presently used in its company. Therefore, Halliburton seeks to better evaluate Realtimezone's infringement contentions in developing its non-infringement defenses.

Halliburton contends that Realtimezone has failed to show how the two frac jobs Realtimezone identified infringe the '310 patent and/or breach the license that are the subjects of this action.  Therefore, Halliburton requests the Court order Realtimezone to supplement its responses to Interrogatories Nos. 8 and 9 by (1) identifying all Halliburton processes that Realtimezone contends infringe the patent and/or breach the license; (2) providing a chart that points to the steps and actions that Realtimezone contends satisfies each element of each claim and do so for each job and separately for each purportedly infringed claim; and (3) providing separate charts for its response to Interrogatories 8 and 9 if Realtimezone's analysis is different for patent infringement and breach of contract.  Mot. Compel at 8.

In response, Realtimezone states it is currently aware of two Halliburton frac jobs which infringe one or more claims of the '310 Patent.  Realtimezone asserts that the specific process steps of both frac jobs are detailed in the documents identified as RTZ35– RTZ65, and DOE52– DOE65; these documents are attached to Realtimezone's Infringement Claims Chart (Def.'s Mot. Compel; Ex. E, Attachments A, B).  Realtimezone also contends it provided specific documents by claim element to support that the document falls within the language of the claim element and also provided a detailed description of what the specific document discloses.  In its Infringement Claim Chart, Reatimezone contends it highlighted the specific data "one of skill in the art would understand to meet the claim element language."  Resp. at 3.  Moreover, Realtimezone argues that the information Halliburton seeks relates to substantive issues of patent litigation, not notice of its infringement theories.  *See Eon Corp. IP Holdings LLC,* 2010 WL 346218 *3 (objections to sufficiency of infringement contentions raised substantive issues that were not properly addressed by infringement contentions).  Accordingly, Realtimezone maintains that its First Supplemental Responses provide enough, if not substantial, information

on known Halliburton processes to provide Halliburton with Realtimezone's theory of patent infringement.

Realtimezone also points out that Halliburton already admitted it has both offered to perform and has actually performed the process(es) embodied by one or more of the '310 Patent claims. *See* Resp.; Ex. A, Amended Response to RFA Nos. 2 and 3. Therefore, Realtimezone argues that Halliburton had to sufficiently understand Realtimezone's infringement contentions because it admits it understands that its processing activities fall under the scope of the '310 Patent.

Nonetheless, in its reply, Halliburton counters that although it "has admitted in its discovery responses that the two frac jobs at issue meet the claims of the patent-in-suit, [it] still needs to understand RTZ's infringement analysis." Reply at 6. Additionally, Halliburton contends Interrogatories Nos. 8 and 9 are "typical contention interrogatories contemplated by the Federal Rules." *Id.* at 1. Therefore, Halliburton contends the Court "should require RTZ to fully answer Halliburton's interrogatories, based on its present knowledge, so that Halliburton may better rebut RTZ's infringement theories." *Id.* at 2. Moreover, Halliburton does not dispute Realtimezone's assertion that its inquiries relate to "substantive" issues of patent litigation not notice of Realtimezone's infringement theories. *Id.* at 6, n. 4 ("RTZ argues that Halliburton's inquiries relate to "substantive issues of patent litigation, not notice of RTZ's infringement theories. RTZ is correct– Halliburton seeks more than notice of RTZ's claims.").

"Proper infringement contentions provide a defendant with notice of a plaintiff's infringement theories." *Eon Corp. IP Holdings LLC v. Sensus USA Inc.,* 2010 WL 346218 *2 (E.D. Tex. Jan. 21, 2010). However, "[i]nfringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof." *Realtime*

4

*Data, LLC v. Packeteer, Inc.,* 2010 WL 346218, *5 (E.D. Tex. Aug. 18, 2009); *see also Samsung SDI Co. v. Matsushita Elec. Indus. Co.,* 2006 WL 5097360 (C.D. Cal. June 5, 2006). Furthermore, the Court has "considerable discretion in determining when contention interrogatories must be answered, and there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007). Discovery in this case is not complete. Therefore, even if Interrogatories Nos. 8 and 9 are governed by Rule 33 of the Federal Rules of Civil Procedure, it would be premature to direct Realtimezone to answer Interrogatories Nos. 8 and 9 at this time. All Realtimezone is required to do in its infringement contentions is provide Halliburton with notice of its infringement theories.

As to the deficiencies in its Infringement Claim Chart information relating to Claims 1-8, 13 and 15, Realtimezone contends it does not have any evidence to support an infringement allegation of these claims. However, Realtimezone points out that the parties are only mid-way through discovery, and it should not be prohibited from identifying or alleging other Halliburton infringing activities based upon additional discovery requests which are still outstanding. Moreover, Realtimezone contends that upon completion of discovery it will supplement its Infringement Claim Chart to include any new information pertinent to the infringement analysis. The Court will grant Realtimezone the opportunity to supplement its Infringement Claim Chart.

Based on the foregoing, the Court finds that Realtimezone's infringement contentions are specific enough to provide Halliburton with notice of Realtimezone's infringement theories. Accordingly, Halliburton's motion to compel is denied.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant Hallilburton Energy Services, Inc.'s Motion to Compel Plaintiff Realtimezone, Inc. to Supplement Interrogatory Nos. 8 and 9 [Doc. No. 79] is denied.

**DON J. SVET**
**United States Magistrate Judge**